**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROGER KELLY, | : | |
| | : | |
| | : | Civil No. 05-3580 (WJM) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| DEVON BROWN, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES**:

    ROGER KELLY, #53379, Plaintiff Pro Se
    East Jersey State Prison
    Lock Bag R
    Rahway, New Jersey 07065

**MARTINI, DISTRICT JUDGE**

    Plaintiff Roger Kelly, confined at East Jersey State Prison in Rahway, New Jersey ("EJSP"), seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915 (1998). Based upon Plaintiff's affidavit of indigence and six-month prison account statement, this Court will (1) grant Plaintiff's application to proceed in forma pauperis; (2) direct the Clerk of the Court to

file the Complaint without pre-payment of the filing fee; (3) assess the $250.00 filing fee against the Plaintiff; (4) direct the New Jersey Department of Corrections ("NJDOC") to deduct an initial partial filing fee payment of $37.20 from Plaintiff's prison account and forward same to the Clerk of the Court, when funds exist in Plaintiff's account; and (5) direct the NJDOC to forward payments from Plaintiff's prison account to the Clerk of the Court each month the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full, regardless of the outcome of the litigation.  See 28 U.S.C. § 1915(a), (b)(1), (b)(2), (b)(4).

Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A the Court has reviewed the Complaint to identify cognizable claims.  The Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1]

seeking injunctive relief and damages for alleged violations of

his rights secured by the Constitution and  laws of the United

States.  Defendants are Devon Brown, Commissioner of the NJDOC;

Terrance Moore, Administrator of EJSP; S.C.O. Siluar; and John

Doe Defendants. (Compl., Caption and ¶ 4.)

Plaintiff asserts the following facts in support of his

claims: On February 25, 2004, while sleeping in his cell in a

six-wing trailer at EJSP, he was awakened by an electrical fire,

which allegedly started while Defendant S.C.O. Siluar, who was in

charge of Plaintiff's unit at the time, was sleeping on duty.

(Compl., ¶ 6.)  Plaintiff further asserts that Siluar was in such

a state of shock that he neglected to use a fire extinguisher

located on his desk.  (Id.)  Plaintiff inhaled smoke while

following Silaur out of the unit; according to Plaintiff, Silaur

was trying to save himself and was abandoning the inmates in the

---

[1]   42 U.S.C. § 1983 provides in relevant part:

Every person who, under color of any statute,
ordinance, regulation, custom, or usage, of
any State or Territory ... subjects, or
causes to be subjected, any citizen of the
United States or other person within the
jurisdiction thereof to the deprivation of
any rights, privileges, or immunities secured
by the Constitution and laws, shall be liable
to the party injured in an action at law,
suit in equity, or other proper proceeding
for redress.

unit.  (<u>Id</u>.)  Plaintiff adds that he was trapped inside an area surrounded by a padlock fence after leaving the unit, and received no immediate medical treatment for his smoke inhalation, treatment which "should have been available" at the time.  (<u>Id</u>.) According to Plaintiff, he did not receive medical treatment for smoke inhalation until some three hours later.  (<u>Id</u>.)  Plaintiff and approximately 100 other prisoners were confined within the area bounded by the padlock fence while John Doe Defendants searched for a key.  (<u>Id</u>.)  Moreover, because of the failure to have certain safety features in place as required by New Jersey law, there allegedly was inadequate provision to allow outside fire department help into the prison to fight the fire.  (<u>Id</u>.)

## II. DISCUSSION

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66, 1321-77 (1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner seeks redress against a governmental entity or employee.  28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The Act requires the Court to identify cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief.  <u>Id.</u>

4

A.  Standard for Dismissal

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); accord Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). The Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and ... must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992). "When it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper."

Robinson v. Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The Court will liberally construe Plaintiff's Complaint as raising the following claims: (1) failure to protect him from harm caused by the fire, including the failure to train prison personnel; (2) prison conditions, including inadequate medical treatment, violating the Eighth Amendment; and (3) violations of New Jersey law.

To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Shaw v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). Section 1983 does not confer substantive rights, but provides a remedy for the deprivation of rights protected by federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998).

Plaintiffs also must assert and prove some causal connection between a Defendant and the alleged wrongdoing in order to recover against that Defendant.  <u>See</u> <u>Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 287 (1977); <u>Lee-Patterson v. New Jersey Transit Bus Operations, Inc.</u>, 957 F. Supp. 1391, 1401-02 (D.N.J. 1997).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of <u>respondeat</u> <u>superior</u>."  <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing <u>Parratt</u>, 451 U.S. at 537 n.3).  Causal connection is shown where a Defendant (1) participated in violating Plaintiff's rights; (2) directed others to violate them; (3) as the person in charge, had knowledge of and acquiesced in his subordinates' violations; or (4) tolerated past or ongoing misbehavior.  <u>Friedland v. Fauver</u>, 6 F. Supp.2d. 292, 302-03 (D.N.J. 1998) (citing <u>Baker v. Monroe Tp.</u>, 50 F.3d 1186, 1190-91 & n.3 (3d Cir. 1995)).  The Court will now analyze Plaintiff's claims to determine whether dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A is warranted.

B.   Eighth Amendment

Plaintiff asserts several Eighth Amendment claims with respect to prison conditions and his treatment with respect to the fire.  Specifically, he states that he experienced a delay in medical treatment for smoke inhalation.  (Compl., ¶ 6.)  Plaintiff also appears to assert violations of the Eighth

7

Amendment with respect to a lack of provision of fire safety in the housing unit, and a failure to protect him from harm. (Compl., ¶ 6.)

In order to state a claim for violation of the Eighth Amendment, Plaintiffs must allege both an objective and subjective element.  Ingalls v. Florio, 968 F. Supp. 193, 198 (D.N.J. 1997).  He must first demonstrate the serious deprivation of a basic human need.  See Wilson v. Seiter, 501 U.S. 294, 308 (1991); Young v. Quinlan, 960 F.2d 351, 365 (3d Cir. 1992).  "[T]he deprivation caused by the prison official's act or omission [must be] sufficiently serious to result in the denial of the minimal civilized measure of life's necessities."  Ingalls, 968 F. Supp. at 198 (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson, 501 U.S. at 304 (1991); Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996)).  They must also show that an official "acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety."  Ingalls, 968 F. Supp. at 198 (citing Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 305; Nami, 82 F.3d at 67).  With respect to his claim of lack of safety conditions, Plaintiff must show that he faces a pervasive risk of harm.  See Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir.1985); see also Ingalls, 968 F. Supp. at 198 (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson, 501 U.S. at 305).

8

In addition to producing evidence of seriously inadequate, indecent, or pervasively harmful surroundings, Plaintiff must also establish that such conditions are the result of recklessness or deliberate indifference by prison officials and not mere negligence or oversight.  Whitley v. Albers, 475 U.S. 312, 319 (1986)(obduracy and wantonness, not inadvertence or error in good faith, characterize the conduct prohibited by the Eighth Amendment).  Judicial judgment of prison conditions must be tempered by the recognition that prison officials are in the best position to operate the prison or penal system being challenged. Rhodes v. Chapman, 452 U.S. 337, 351 (1981).

Applying these principals to the facts alleged in the Complaint, Plaintiff has failed to set forth facts sufficient to permit an inference that the circumstances surrounding the fire and his treatment with respect to the fire exposed him to a pervasive risk of harm or that such conditions were the result of recklessness or deliberate indifference by prison officials and not mere negligence or oversight.  See Whitley, supra.  Even a liberal construction of the Complaint permits no more than an inference that the circumstances of the fire and Plaintiff's treatment with respect to the fire amounts to negligence, which simply is not actionable under § 1983.  See Davidson v. O'Lone, 752 F.2d 817 (3d Cir. 1984) (in banc), aff'd sub nom. Davidson v. Cannon, 474 U.S. 344 (1986) (where a government official is

9

merely negligent in causing injury, no procedure for compensation is constitutionally required).  Therefore, the Court will dismiss these claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Plaintiff's medical complaints allegedly caused by the fire may also be construed to attempt to state an Eighth Amendment claim for constitutionally inadequate medical care. The Eighth Amendment's prohibition of cruel and unusual punishment obligates prison authorities to provide medical care to inmates.  Estelle v.Gamble, 429 U.S. 97, 103 (1976); Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  In order to prevail, Plaintiffs must show that Defendants demonstrated "deliberate indifference to their serious medical needs."  Boring v. Kozakiewicz, 833 F.2d 468, 471 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988); see Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993).  A medical need is serious if it has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for treatment.  Monmouth County Correctional Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).  "In addition, where denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious."  Id.

10

Prison officials' actions rise to the level of "deliberate indifference" if reasonable requests for medical care are refused and the inmate is exposed to undue suffering or the threat of tangible residual injury, or if medical treatment is denied or delayed for non-medical reasons.  Monmouth County Correctional Institute Inmates, 834 F.2d at 346-47.  Under the deliberate indifference standard, a defendant "[must] know ... of and disregard ... an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Non-medical prison personnel have been found to have exhibited deliberate indifference if they "intentionally delayed access to medical care when the inmate was in extreme pain and [had] made his medical problem known to the attendant prison personnel." See Hodge v. Coughlin, 1994 WL 519902, at * 11 (S.D.N.Y. Sept. 22, 1994), aff'd, 52 F.3d 310 (2d Cir.1995); see also Estelle, 429 U.S. at 104-05, (deliberate indifference can be manifested by an intentional denial or delay in access to medical care).  Plaintiff has nowhere in the Complaint set forth facts sufficient to permit an inference that he has experienced anything more than negligence respecting his medical needs, even if it could be concluded from the facts set forth in the Complaint that such medical needs are serious enough for this

11

claim to proceed.    See Davidson, supra.    Therefore, the Court
also will dismiss this claim pursuant to 28 U.S.C. §§
1915(e)(2)(B)(ii) and 1915A(b)(1).[2]


## C. Failure to Protect and Failure to Train

        Plaintiff also appears to assert a claim of failure by the
Defendants to protect him from harm.  (Compl. ¶ 6.)  He also
asserts that a failure to train prison personnel in safety
procedures resulted in his harm.  (Id.)  In order to state a
viable claim for failure to protect, Plaintiff must show that he
faced a pervasive risk of harm and that prison officials
displayed deliberate indifference to this danger. See Riley v.
Jeffes, 777 F.2d 143, 147 (3d Cir.1985); see also Ingalls, 968 F.
Supp. at 198 (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994).
At no point in the Complaint has Plaintiff has shown these
requirements.  The Complaint permits no more than an inference
that the circumstances of the fire and Plaintiffs' treatment with

---

        [2] Moreover, the Complaint at most permits an inference of
respondeat superior liability against Defendants Brown and Moore,
which is not actionable under 42 U.S.C. § 1983.  The Complaint
simply fails to show that Defendants Brown and Moore participated
in violating Plaintiff's rights, directed others to violate them,
had knowledge of and acquiesced in subordinates' violations, or
tolerated past or ongoing misbehavior.  The Complaint nowhere
sets forth facts sufficient to permit the inference of the
necessary involvement for assignment of liability, See Rode,
supra.

respect to the fire amount to negligence, which simply is not actionable under § 1983.  See Davidson, supra.  Therefore, the Court also will dismiss this claim.

To establish a § 1983 claim for failure to train, Plaintiff must (1) identify with particularity what the supervisory officials failed to do that demonstrates deliberate indifference and (2) demonstrate a close causal link between the alleged failure and the alleged injury.  Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir.1989). The "inadequacy of ... training may serve as the basis for Section 1983 liability only where the failure to train amounts to deliberate indifference to the rights of the persons with whom the [official] ... come[s] into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989). Deliberate indifference may be established where the need for more or different training is obvious, causing a pattern of violations. See,e.g. Berg v. County of Allegheny, 219 F.3d 261 (3d Cir.2000) (discussing failure to train in the context of municipal liability).  See also Daniels v. Delaware, 120 F. Supp. 2d 411, 423-24 (D. Delaware 2000) (alleged failure to train prison personnel).  Again, the Complaint permits no more than an inference that Defendants were negligent with respect to the fire, and such negligence is not actionable under 42 U.S.C. § 1983.  See Davidson, supra. This claim also will be dismissed.

D. Loss of Property

     The Court also notes that Plaintiff may be alleging that the fire resulted in the destruction, and loss of personal property. (Compl., ¶ 6.)  This would constitute a Fourteenth Amendment Due Process claim with respect to any property destroyed, lost, or made unavailable as a consequence of the fire.  With respect to such a claim, there is no cognizable due process claim for a deprivation of property occurring as the result of a lack of due care.  Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Asquith v. Volunteers of America, 1 F. Supp.2d 405, 419 (D.N.J. 1998).  Moreover, a due process claim for negligent, reckless, or intentional deprivation of property will not lie if the State affords an adequate post-deprivation remedy for the loss.  See Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517, 536 (1984); Holman v. Hilton, 712 F.2d 854, 856 (3d Cir. 1983).

     The New Jersey Tort Claims Act ("NJTCA"), N.J.S.A. § 59:1-1 et seq., provides such a post-deprivation remedy, and was available to Plaintiff as a matter of law for any property claim.  See Holman, 712 F.2d at 857; Asquith, 1 F. Supp.2d at 419.  Since adequate state remedies exist, any Due Process claim for loss of property will be dismissed pursuant to 28 U.S.C. §§

14

1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.[3]


E. Violations of State Law

The Court notes that Plaintiff's claims again Defendants appear to include violations of New Jersey law with respect to the lack of safety equipment and procedures regarding the fire. (Compl., ¶ 6.)  However, violation of state law does not state a claim under 42 U.S.C. § 1983.  Elkin v. Fauver, 969 F.2d 48, 52 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Green v. Patterson, 971 F. Supp. 891, 903 (D.N.J. 1997) (citing Elkin).  The Court also will dismiss this claim.

---

[3] The Court is aware that Plaintiff may be barred from pursuing claims under the NJTCA if he failed to file a tort claim notice with the State Attorney General or the Department of Corrections within 90 days of accrual of the claim.  See N.J.S.A. §§ 59:8-1 to 59:8-11.  However, a statute containing reasonable procedural barriers to suit is neither procedurally inadequate nor unavailable.  See Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); Holman, 712 F.2d at 857, n.3.

**III. CONCLUSION**

Based on the foregoing, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

An appropriate Order accompanies this Opinion.


s/William J. Martini

_____
**WILLIAM J. MARTINI**
**UNITED STATES DISTRICT JUDGE**


**DATED:  August 11, 2005**