# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
     **JUDGE**

October 11, 2005

## LETTER OPINION

<u>**VIA REGULAR MAIL**</u>

Rogers Kelly
#53379
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065
(*Pro Se Plaintiff*)

        Re:    Rogers Kelly v. Devon Brown, et al.
                 Civil Action No. 05-3580 (WJM)

Dear Mr. Kelly

      This Court is in receipt of your August 25, 2005 motion for relief pursuant to Rule 60(b) from the Court's August 11, 2005 Opinion and Order dismissing your complaint for failure to state a claim upon which relief can be granted. In your motion, you ask the Court to reconsider its August 11 Opinion and grant leave to amend your complaint.

      For the reasons set forth below, your motion is **DENIED**.

      A motion for reconsideration is an extraordinary remedy to be granted "very sparingly." *Yurecko v. Port Authority Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 608 (D.N.J. 2003). It is improper on a motion for reconsideration to "ask the Court to rethink what it had already thought through – rightly or wrongly." *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rather, a motion for reconsideration is reserved for those instances where the Court may have overlooked pertinent facts or controlling case law. *See* L. Civ. R. 7.1(i).[1] When a matter was considered by the Court, it was not "overlooked." *P.*

---

    [1]The motion submitted to the Court was titled a motion for relief pursuant to Rule 60(b). In your motion, though, you ask the court "to reconsider [sic] oder [sic] denying plaintiff to

*Schoenfeld Asset Mgmt. LLC v. Cendent Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001).  If the moving party fails to cite pertinent facts or case law that the Court overlooked, then the Court should deny the motion.  *Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275 1279 (D.N.J. 1988).

In your motion, you fail to set forth any overlooked pertinent facts or controlling case law.  Instead, you reiterate the same factual arguments previously submitted to this Court: a fire broke out within the perimeter fence; correction officers had no security keys to unlock the perimeter fence; you were kept near a burning trailer for approximately 30 minutes; correction officers waited for the fire department to arrive to extinguish the fire; the trailer had no fire sprinklers, fire exits, or safety lights; and you did not receive timely medical attention.  Furthermore, you do not cite any controlling case law that was overlooked by the court.  The cases cited in your motion all concern issues that were considered by the Court under controlling case law.  Therefore, your motion for reconsideration is **DENIED.**

In addition, you ask this Court to grant you leave to amend your complaint.  A motion to amend a complaint is governed by Federal Rule of Civil Procedure 15(a).  Rule 15(a) provides that after a responsive pleading has been served, a plaintiff may amend the complaint "only by leave of the court or by written consent of the adverse party."  Fed. R. Civ. P. 15(a).  Leave is to be "freely given when justice so requires."  *Id.*  The touchstone regarding whether leave should be granted is "whether the non-moving party will be prejudiced if the amendment is allowed."  *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990).  The policy favoring liberal amendment of pleadings, however, is not unbounded.  *James v. Interstate Credit a& Collection, Inc.,* No. 03-1037, 2005 U.S. Dist. LEXIS 15494, at *2 (3d Cir. July 29, 2005).  Rather, "certain factors ... weigh against amendment, including 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'"  *Id.* (quoting *Dole*, 921 F.2d at 487).

In your motion for reconsideration, you fail to provide any grounds on which leave to amend your complaint should be granted.  You do not proffer any new facts or grounds upon which the amended complaint would be founded.  Furthermore, you have failed to show why amending your complaint would not be futile and why the amended complaint would state a claim upon which relief can be granted.  *See In re Burlington Coat Factories Sec. Litig.*, 114 F.3d 1410, 1437 (3d Cir. 1997) ("'Futility' means that the complaint, as amended, would fail to

---

proceed in this court...." (Mot. at 3.)  There is no express provision in the Federal Rules of Civil Procedure for reconsideration or reargument of a judicial decision.  *United States v. Compaction Sys. Corp.*, 99 F. Supp. 2d 339, 345 (D.N.J. 1999).  However, in the District of New Jersey, "the Local Civil Rules provide for motions of reconsideration under local rule 7.1(g) [ed. now 7.1(i)]."  *Id.*  Therefore, this Court will treat your motion as one for reconsideration under 7.1(i).  *See Earnest v. Ling*, No. 04-4745, 2005 U.S. App. LEXIS 17505, at *3-4 (3d Cir. Aug. 17, 2005) (construing a pro se litigant's pleadings liberally).

state a claim upon which relief can be granted.")  Under these circumstances, this Court will not grant you a second bite at the proverbial apple.  Accordingly, your motion for leave to amend your complaint is **DENIED**.

     A separate order accompanies this opinion.

                                              s/ William J. Martini
                                              **William J. Martini, U.S.D.J.**